THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ CARDONA, Defendant and Appellant.

No. 10411.   Argued March 15, 1944.—Decided March 24, 1944.

*James R. Beverly* and *Enrique Segarra, Jr.,* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was found guilty and sentenced to the payment of a $10 fine for a violation of §370 of the Penal Code consisting, as it was alleged in the complaint, in that he "drew and exhibited in the presence of two or more persons a black and large revolver which is a deadly weapon, all this in a rude, angry, and threatening manner," without being a case of self-defense.

In support of his appeal he urges that the lower court erred in weighing the evidence and in applying the law to the facts of the case.

■ The Spanish text of §370 of the Penal Code reads as follow:[1]

"*Exhibición o uso indebido de Armas Mortíferas.* Toda persona que sin ser un caso de necesaria defensa propia, sacare o mostrare en presencia de dos o más personas, alguna arma mortífera en *actitud violenta, colérica y amenazadora,* o que de modo ilegal hiciere uso de dicha arma en alguna riña o pendencia, incurrirá en misdemeanor." (Italics ours.)

The words "*en actitud violenta, colérica y amenazadora,*" that we have underscored, are an imperfect translation of the words "in a rude, angry and threatening manner," that appear in the English text which is a literal copy of §417 of the Penal Code of California.

Among the various meanings that correspond to the English word "rude" is found without any doubt whatsoever that of violence. But this meaning is not the only one that can be given to said word which also means impertinent, rough, insulting, uncultured, hasty, barbarous, coarse, and violent. See Roget's Theasaurus -(1942 ed.) p. 438, and the case of *State* v. *Lawrence,* 19 Neb. 307, 314, in which it is held that "rudely" means "in a rude manner, coarsely, . . . . uncivilly, violently." It is not, therefore, absolutely necessary that the person who draws or exhibits a deadly weapon should do so in a violent manner. If he does it rudely and in an insolent manner, accompanied by ire or anger and in a threatening manner, demonstrative of his intention to unlawfully attack another person and of his ability to carry on such purpose, and if that act is sufficient to produce in the mind of the threatened person the fear of an assault, in that case all the elements required by the statute would be present.

---

[1] The English text reads thus:

"*Drawing, Exhibiting, or Unlawful Use of Deadly Weapon.* Every person who, not in necessary self-defense, in the presence of two or more persons, draws or exhibits any deadly weapon in a rude, angry and threatening manner, or who, in any manner unlawfully uses the same, in any fight or quarrel, is guilty of a misdemeanor."

■■ We will now make a brief analysis of the evidence. The facts established by the evidence for the prosecution are as follows:

On July 2, 1943, while one Atanasio de Jesús was in Guánica, in front of the store of Eliseo Rivera, the defendant arrived there in an automobile and after stopping the vehicle said to Atanasio de Jesús in a strong voice quite disturbed and angry: "Listen Tano, am I the Kaiser of Ensenada? Son of a bitch, coward," and while he spoke the preceding words he pointed a revolver at him. The chauffeur upon seeing the danger started the car and went away. Immediately a crowd of passers-by gathered in the place. The above-transcribed words were uttered in the presence of three other persons who testified at the trial corroborating the testimony of De Jesús who was the person insulted and threatened.

The evidence for the defense tended to show that in the morning of that same day, while the defendant was waiting for a bus, Atanasio de Jesús, who was at a short distance from the defendant, said that Ramón Cardona was the dictator of the Guánica Central and "a son of a bitch"; that when the defendant found De Jesús in the afternoon of that same day, the only thing he did was to ask him why had he called him "Kaiser" and insulted his mother; that the defendant did not draw any revolver and when he addressed De Jesús he did it in a friendly way and not in an aggressive manner.

The evidence is clearly conflicting. The conflict resulting from it all was decided by the lower court against the defendant. The evidence for the prosecution being sufficient to sustain and justify the judgment appealed from, the same must be affirmed.